UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA O.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Andrew M. SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 18-cv-1329-DMS-AGS<br><br>**REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT MOTIONS** |

In this social security case, the Administrative Law Judge rejected claimant's testimony about the severity of her mental health issues on account of her alleged failure to comply with treatment. But she did comply. Of claimant's eleven medical providers, she dropped one because she lost insurance coverage, but followed her prescribed treatment with all the rest. Because the ALJ's rationale for ignoring claimant's testimony was insufficient, the case should be reversed and remanded.

## BACKGROUND

In 2014, plaintiff Gloria O. applied for disability benefits due to her mental health issues. (*See* AR 22.) The ALJ found that Gloria suffered from major depressive disorder, anxiety, and posttraumatic stress disorder, but rejected Gloria's testimony about the disabling effects of her mental impairments. (AR 24, 26.)

1

# DISCUSSION

## A. Symptom Testimony

Gloria argues that the ALJ improperly rejected her "truthful and medically supported" testimony about the severity of her symptoms. (ECF No. 19-1, at 11.) In evaluating the credibility of subjective symptom testimony, the ALJ must determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the . . . symptoms alleged." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If so, and absent evidence of malingering, the ALJ may only reject the claimant's testimony about the severity of those symptoms if the ALJ offers "'specific, clear and convincing reasons' for the rejection." *Id.* The ALJ must specifically identify "which symptom testimony is not credible and what facts in the record lead to that conclusion." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

The only dispute here is whether the ALJ provided specific, clear, and convincing reasons for discounting Gloria's symptom testimony. The ALJ's analysis boils down to two arguments: (1) Gloria's symptom severity was due to poor treatment compliance, not an unmanageable mental impairment, and (2) the medical record is inconsistent with her described limitations, which suggests she was exaggerating them.

### 1. *Treatment Compliance*

According to the ALJ, Gloria's "mental impairments are well controlled when she is compliant with prescribed treatment—but that compliance has been inconsistent throughout the period of adjudication." (AR 26.) That is not a fair reading of the record.

First, only one of the eleven medical providers who cared for Gloria mentioned any compliance issues, as the chart below shows.

| Date(s) | Doctor | Compliance Issues Reported? | AR Citations |
|---|---|---|---|
| 6/19/2013–8/29/2013 | Dr. Leon | None | AR 245-65, 280, 285, 292-99, 329-31, 343, 351 |
| 6/10/2013–7/23/2013 | Dr. Tran | None | AR 266-79, 281-84, 286-91 |
| 6/25/2013–2/10/2014 | Dr. Mendoza | None | AR 306-28, 332-40, 344 |
| 2/26/2014–7/30/2014 | Dr. Alanis | "I have not seen her since [July 30, 2014]. She never returned my phone calls to attempt to follow up with her." | AR 380-83 |
| 7/19/2014–7/20/2014 | Dr. Mofidi | None | AR 363-77 |
| 7/21/2014 | Dr. Linnik | None | AR 357-62 |
| 1/17/2015 | Dr. Nicholson | None | AR 386-91 |
| 2/05/2015–3/26/2015 | Dr. Romana | None | AR 403-07 |
| 7/22/2015–4/21/2016 | Dr. Fuentes | None | AR 434-43 |
| 8/25/2015–4/11/2016 | Thickstun, LCSW | None | AR 409-22, 432 |
| 6/08/2016–8/17/2016 | Dr. Shah | None | AR 426-31 |

Despite Dr. Alanis's comments, it was improper for the ALJ to hold any non-compliance against Gloria "without considering possible reasons [claimant] may not comply with treatment," such as not being able to afford it. *See* SSR 16-3P, 2016 WL 1119029, at *8-9 (Mar. 16, 2016). Dr. Alanis in fact noted that Gloria "did not have health insurance and tried to get medical." (AR 380.) And Gloria's Disability Report confirms that therapy was "stopped due to applicant losing her insurance." (AR 187; *see also* AR 51, 403.) An ALJ may not hold compliance problems against a claimant who "cannot obtain"

3

treatment "for lack of funds." *Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017). Moreover, the ALJ failed to consider that psychiatric appointments make Gloria feel "depressed" and "anxious." (AR 405.)

### 2. *Inconsistencies with Medical Evidence*

The ALJ repeatedly contrasts Gloria's testimony about her disabling symptoms with medical evidence that purportedly undercuts her complaints. (*See* AR 26-28.) While this is a proper consideration, "subjective [symptom] testimony cannot be rejected on the sole ground that it is not fully corroborated by the medical evidence." *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Davis v. Berryhill*, 736 F. App'x 662, 665 (9th Cir. 2018) (same). So this criticism alone does not justify discounting Gloria's testimony.

## B. Harmless Error Analysis

"[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Gloria testified that she suffered disabling panic attacks twice a day, which lasted up to half an hour each, and that she copes with these by sleeping for two hours in the middle of the day. (AR 44-46.) The vocational expert testified that someone like Gloria could not be employed if she was "off task for at least an hour during the work day on a consistent basis" (AR 60), which would have rendered her disabled. Thus, the error here cannot be deemed trivial.

## C. Remand Type

In deciding whether to remand for either further proceedings or an award of benefits, this Court's discretion is guided by the three-step "credit-as-true" rule. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014). First, the Court asks whether the ALJ failed to offer "legally sufficient reasons for rejecting evidence." *Id*. at 1100. If so, the second stage of the inquiry is whether "the record has been fully developed," whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether "further administrative proceedings

4

would be useful." *Id.* at 1101 (citations omitted). Finally, if no outstanding issues remain, the Court may find "the relevant testimony credible as a matter of law" and award benefits, so long as the record as a whole "leaves not the slightest uncertainty as to the outcome of the proceeding." *Id*. (alterations and quotation marks omitted).

Although the ALJ erred, the Court finds that the record could be further developed and that continued administrative proceedings would be useful. At Gloria's last appointment in August 2016, her doctor noted that she was "[d]oing well," "[f]eels [her] anxiety is much better," and that her last time with a "collapse and hives was 2 months ago." (AR 426.) Gloria was "much less distressed" and was now "sleeping well" and "no longer having nightmares." (AR 427.) These hopeful developments may indicate that, even if Gloria was disabled, she is only entitled to a closed period of benefits. At a minimum, additional medical records may shed light on this issue.

## CONCLUSION

The Court recommends that Gloria O.'s summary judgment motion (ECF No. 19) be **GRANTED**, the Commissioner's summary judgment motion (ECF No. 21) be **DENIED**, and the case be remanded for further proceedings consistent with this opinion. The parties must file any objections to this report by August 20, 2019. *See* 28 U.S.C. § 636(b). A party may respond to any objection within 14 days of receiving it. Fed. R. Civ. P. 72(b)(2).

Dated: August 6, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge

5

18-cv-1329-DMS-AGS